John T. Masterson, Bar #007447
Ian C. Beck, Bar #035599
JONES, SKELTON & HOCHULI P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-7330
Fax: (602) 200-7846
jmasterson@jshfirm.com
ibeck@jshfirm.com

Attorneys for Defendants City of Phoenix, Bobbi Cozad, Oscar Jimenez, Brett Lingenfelter, Alonso Lopez, Roszell Mosley, Todd Stevens, and Andrew Williams

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Laura Gonzalez, individually and on behalf of the statutory beneficiaries of Ramon Timothy Lopez, and in her capacity as the Personal Representative of the Estate of Ramon Timothy Lopez,<br><br>Plaintiffs,<br><br>v.<br><br>City of Phoenix, a municipality; Bobbi Cozad, an individual; Oscar Jimenez, an individual; Brett Lingenfelter, an individual; Alonso Lopez, an individual; Roszell Mosley, an individual; Todd Stevens, an individual; and Andrew Williams, an individual,<br><br>Defendants. | No. 2:21-cv-01340-MTL-DMF<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendants City of Phoenix, Bobbi Cozad, Oscar Jimenez, Brett Lingenfelter, Alonso Lopez, Roszell Mosley, Todd Stevens, and Andrew Williams ("Defendants"), for their Answer to Plaintiffs' Complaint, admit, deny, and allege as follows:

Defendants deny each and every, all and singular, of the allegations contained in Plaintiffs' Complaint and each claim for relief which is not expressly admitted

9707957.1

or otherwise pled to.

A jury trial is requested.

**PARTIES**

1. As to Paragraph 1 of Plaintiffs' Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained in that paragraph and therefore deny the same.

2. As to Paragraph 2 of Plaintiffs' Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained in that paragraph and therefore deny the same.

3. As to Paragraph 3 of Plaintiffs' Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained in that paragraph and therefore deny the same.

4. As to Paragraph 4 of Plaintiffs' Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained in that paragraph and therefore deny the same.

5. As to Paragraph 5 of Plaintiffs' Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained in that paragraph and therefore deny the same.

6. As to Paragraph 6 of Plaintiffs' Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained in that paragraph and therefore deny the same.

7. As to Paragraph 7 of Plaintiffs' Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained in that paragraph and therefore deny the same.

8. As to Paragraph 8 of Plaintiffs' Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained in that paragraph and therefore deny the same.

9. As to Paragraph 9 of Plaintiffs' Complaint, Defendants admit the

9707957.1

allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. As to Paragraph 10 of Plaintiffs' Complaint, Defendants admit the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. As to Paragraph 11 of Plaintiffs' Complaint, Defendants admit that Defendant Cozad is a police officer with the City of Phoenix Police Department. Defendants further admit that Officer Cozad's actions related to this case were taken within the course and scope of her employment with the City of Phoenix and under color of law. As to the remaining allegations in Paragraph 11 of Plaintiffs' Complaint, Defendants assert that those allegations improperly call for a legal conclusion and no response is required.

12. As to Paragraph 12 of Plaintiffs' Complaint, Defendants admit the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. As to Paragraph 13 of Plaintiffs' Complaint, Defendants admit that Defendant Jimenez is a police officer with the City of Phoenix Police Department. Defendants further admit that Officer Jimenez's actions related to this case were taken within the course and scope of his employment with the City of Phoenix and under color of law. As to the remaining allegations in Paragraph 13 of Plaintiffs' Complaint, Defendants assert that those allegations improperly call for a legal conclusion and no response is required.

14. As to Paragraph 14 of Plaintiffs' Complaint, Defendants admit the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. As to Paragraph 15 of Plaintiffs' Complaint, Defendants admit that Defendant Lingenfelter is a police officer with the City of Phoenix Police Department. Defendants further admit that Officer Lingenfelter's actions related to this case were taken within the course and scope of his employment with the City of Phoenix and under color of law. As to the remaining allegations in Paragraph 15 of Plaintiffs' Complaint, Defendants assert that those allegations improperly call for a legal conclusion and no response is required.

16. As to Paragraph 16 of Plaintiffs' Complaint, Defendants admit the

9707957.1

allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. As to Paragraph 17 of Plaintiffs' Complaint, Defendants admit that Defendant Lopez is a police officer with the City of Phoenix Police Department. Defendants further admit that Officer Lopez's actions related to this case were taken within the course and scope of his employment with the City of Phoenix and under color of law. As to the remaining allegations in Paragraph 17 of Plaintiffs' Complaint, Defendants assert that those allegations improperly call for a legal conclusion and no response is required.

18. As to Paragraph 18 of Plaintiffs' Complaint, Defendants admit the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. As to Paragraph 19 of Plaintiffs' Complaint, Defendants admit that Defendant Mosley is a police officer with the City of Phoenix Police Department. Defendants further admit that Officer Mosley's actions related to this case were taken within the course and scope of his employment with the City of Phoenix and under color of law. As to the remaining allegations in Paragraph 19 of Plaintiffs' Complaint, Defendants assert that those allegations improperly call for a legal conclusion and no response is required.

20. As to Paragraph 20 of Plaintiffs' Complaint, Defendants admit the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. As to Paragraph 21 of Plaintiffs' Complaint, Defendants admit that Defendant Stevens is a police officer with the City of Phoenix Police Department. Defendants further admit that Officer Stevens' actions related to this case were taken within the course and scope of his employment with the City of Phoenix and under color of law. As to the remaining allegations in Paragraph 21 of Plaintiffs' Complaint, Defendants assert that those allegations improperly call for a legal conclusion and no response is required.

22. As to Paragraph 22 of Plaintiffs' Complaint, Defendants admit the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. As to Paragraph 23 of Plaintiffs' Complaint, Defendants admit that Defendant Williams is a police officer with the City of Phoenix Police Department.

9707957.1

Defendants further admit that Officer Williams' actions related to this case were taken within the course and scope of his employment with the City of Phoenix and under color of law. As to the remaining allegations in Paragraph 23 of Plaintiffs' Complaint, Defendants assert that those allegations improperly call for a legal conclusion and no response is required.

24. As to Paragraph 24 of Plaintiffs' Complaint, Defendants admit that under the doctrine of *respondeat superior*, and under certain specific circumstances, an employer may be held responsible for the wrongful acts or omissions of its employees. Defendants affirmatively assert, however, that there are no such wrongful acts or omissions present in this case for which the City of Phoenix may be held responsible and, thus, the doctrine of *respondeat superior* does not apply.

25. As to Paragraph 25 of Plaintiffs' Complaint, that paragraph does not contain any affirmative allegations against the Defendants and merely notes a placeholder reference to the Officer Defendants. Accordingly, no response is required.

## JURISDICTION AND VENUE

26. As to Paragraph 26 of Plaintiffs' Complaint, Defendants do not dispute the jurisdiction of this Court over the current action.

27. As to Paragraph 27 of Plaintiffs' Complaint, Defendants do not dispute the jurisdiction of this Court over the current action.

28. As to Paragraph 28 of Plaintiffs' Complaint, Defendants do not dispute that venue is proper in this Court.

29. As to Paragraph 29 of Plaintiffs' Complaint, Defendants admit that it appears that Plaintiffs served a Notice of Claim and that the Notice of Claim is deemed denied by operation of statute; however, the Defendants reserve the right to contest any deficiency with Plaintiffs' Notice of Claim, including timeliness.

30. As to Paragraph 30 of Plaintiff's Complaint, Defendants admit that the events forming the basis of Plaintiffs' Complaint occurred on August 4, 2020, in Maricopa County, Arizona.

9707957.1

**JURY DEMAND**

31. As to Paragraph 31 of Plaintiffs' Complaint, Defendants join in the demand for a trial by jury.

**FACTUAL ALLEGATIONS**

32. As to Paragraphs 32, 33, and 34 of Plaintiffs' Complaint, Defendants admit the allegations contained in those paragraphs.

33. As to Paragraph 35 of Plaintiffs' Complaint, Defendants admit that the suspect was later identified as Ramon Timothy Lopez ("Lopez").

34. As to Paragraph 36 of Plaintiffs' Complaint, Defendants admit that Lopez was seen acting erratically, including by peering into vehicles. Defendants affirmatively assert that Lopez was seen removing a wallet from his pocket, emptying its contents, and throwing the empty wallet away. Defendants further admit that Officers Stevens, Williams, and Mosley observed Lopez while he acted erratically.

35. As to Paragraph 37 of Plaintiffs' Complaint, Defendants admit that Lopez committed a jaywalking offense by crossing North 51st Avenue without using a pedestrian crosswalk as required by Arizona law.

36. As to Paragraph 38 of Plaintiffs' Complaint, Defendants affirmatively assert that based on the nature of the 9-1-1 call alerting officers to Lopez's behavior, and Lopez's continued erratic behavior after the officers arrived, there was reasonable suspicion to stop and speak with him. Defendants admit that Paragraph 38 includes an accurate quotation from Officer Stevens' body-worn camera but deny all other allegations contained in Paragraph 38 of Plaintiffs' Complaint.

37. As to Paragraph 39 of Plaintiffs' Complaint, Defendants admit only that after observing Lopez improperly jaywalk, they followed him to a nearby liquor store that Lopez had entered.

38. As to Paragraph 40 of Plaintiffs' Complaint, Defendants admit that Lopez committed theft by taking an iced tea bottle from the Grand Stop liquor store without paying for it.

9707957.1

39. As to Paragraph 41 of Plaintiffs' Complaint, Defendants admit that as he exited the Grand Stop liquor store, Lopez encountered Officer Stevens, immediately threw the stolen iced tea onto Officer Stevens, and took off running.

40. As to Paragraph 42 of Plaintiffs' Complaint, Defendants admit that after Lopez threw the stolen iced tea onto him and took off running, Officer Stevens began a pursuit on foot.

41. As to Paragraph 43 of Plaintiffs' Complaint, Defendants admit that Officer Stevens was able to catch up to Lopez after Lopez dangerously ran into a busy street and weaved through moving traffic, posing a danger to himself and to the drivers on the road.

42. As to Paragraph 44 of Plaintiffs' Complaint, Defendants admit that, upon information and belief, the temperature in certain areas of Phoenix at 10:00 a.m. on August 4, 2020 may have reached approximately 100 degrees Fahrenheit.

43. As to Paragraph 45 of Plaintiffs' Complaint, Defendants admit that Officers Williams and Mosley assisted Officer Stevens in placing Lopez in handcuffs due to Lopez's violent struggles and persistent noncompliance.

44. As to Paragraph 46 of Plaintiffs' Complaint, Defendants deny the allegations contained in that paragraph and affirmatively assert that after the officers were able to overcome Lopez's violent physical resistance to place him in handcuffs, Lopez was positioned on his side and back.

45. As to Paragraph 47 of Plaintiffs' Complaint, Defendants admit that due to Lopez's ongoing physical resistance, specifically violent and uncontrollable leg kicks, the Defendant Officers were forced to place him in a RIPP Restraint to safely immobilize his legs and stop his ongoing resistance and assault on the officers.

46. As to Paragraphs 48 and 49 of Plaintiffs' Complaint, Defendants deny the allegations contained in those paragraphs.

47. As to Paragraph 50 of Plaintiffs' Complaint, Defendants admit only that after the officers were able to overcome Lopez's violent, physical struggles and

7

restrain him, and after Lopez was transported to a nearby shaded area, Officer Stevens noted that he needed to catch his breath and another officer observed that it was hot. Defendants deny all other allegations contained in Paragraph 50 of Plaintiffs' Complaint.

48. As to Paragraph 51 of Plaintiffs' Complaint, Defendants admit the allegations contained in that paragraph.

49. As to Paragraph 52 of Plaintiffs' Complaint, Defendants deny the allegations contained in that paragraph.

50. As to Paragraph 53 of Plaintiffs' Complaint, Defendants lack sufficient information as to the truth of the allegations regarding Lopez's history of mental illness and substance abuse and therefore deny the same. Defendants affirmatively assert that throughout the encounter, Lopez continued to violently physically resist the officers and exhibited signs of intoxication by drugs.

51. As to Paragraph 54 of Plaintiffs' Complaint, Defendants admit that Phoenix Fire Department was called to the scene and that the Officer Defendants suspected that Lopez was under the influence of illegal drugs.

52. As to Paragraph 55 of Plaintiffs' Complaint, Defendants admit only that the officers reasonably observed that given Lopez's erratic behavior, he appeared to be intoxicated with illegal drugs.

53. As to Paragraph 56 of Plaintiffs' Complaint, Defendants admit that after the Officer Defendants were able to gain control over Lopez and immobilize him against further violent struggles, the Officer Defendants carried him to the rear passenger seat of the patrol Tahoe operated by Officers Cozad and Lopez.

54. As to Paragraph 57 of Plaintiffs' Complaint, Defendants admit only that Lopez was placed onto the rear passenger seat of the Tahoe for the brief ride to the neighboring Walgreens parking lot where he could be taken out of the Tahoe and placed in the shade to await the arrival of the Phoenix Fire Department. Defendants deny all other allegations contained in Paragraph 57 of Plaintiffs' Complaint.

9707957.1

55. As to Paragraph 58 of Plaintiffs' Complaint, Defendants admit only that Officer Lopez drove his patrol Tahoe to the adjacent Walgreens parking lot. Defendants deny all other allegations contained in Paragraph 58 of Plaintiffs' Complaint.

56. As to Paragraph 59 of Plaintiffs' Complaint, Defendants admit that Officers Lopez and Cozad removed Lopez from the patrol Tahoe and placed him on the ground on his side. Defendants affirmatively assert that Officer Lopez secured a non-verbal response from Lopez in the form of a discernable grunt and that Lopez was held on his side and then upright against the side of the patrol Tahoe. Defendants affirmatively assert that during that time, Officer Lopez was able to find a pulse and Officer Cozad poured water over Lopez's head to keep him cool and alert.

57. As to Paragraphs 60, 61, 62, and 63 of Plaintiffs' Complaint, Defendants admit the allegations contained in those paragraphs.

**Defendant City of Phoenix's Policies, Customs, and Procedures**

58. As to Paragraph 64 of Plaintiffs' Complaint, Defendants admit the allegations contained in that paragraph.

59. As to Paragraphs 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, and 85 of Plaintiffs' Complaint, Defendants deny the allegations contained in those paragraphs.

**Defendant City of Phoenix's Long History of Death by Prone Restraint**

60. As to Paragraphs 86, 87, 88, and 89 of Plaintiffs' Complaint, Defendants deny the allegations contained in those paragraphs.

**COUNT ONE – 42 U.S.C. § 1983**
**Violation of Fourth Amendment Right to be Free from**
**Unlawful Seizures, False Arrest, and Excessive Force**
**(Officer Defendants)**

61. Defendants incorporate by reference all assertions and allegations made in the paragraphs above as though they were fully set forth herein.

62. As to Paragraph 91 of Plaintiffs' Complaint, Defendants assert that the paragraph does not make any allegations against the Defendants but, rather, merely makes a statement of law and therefore, no response is required. To the extent a response

9

is required, Defendants admit that the Fourth Amendment of the United States Constitution provides the right to be free from unlawful searches and seizures, false arrests, and the use of excessive force.

63. As to Paragraphs 92, 93, 94, 95, 96, 97, and 98 of Plaintiffs' Complaint, Defendants deny the allegations contained in those paragraphs.

## COUNT TWO – 42 U.S.C. § 1983
### Violation of Fourteenth Amendment Right to Familial Society and Companionship
### (Officer Defendants)

64. Defendants incorporate by reference all assertions and allegations made in the paragraphs above as though they were fully set forth herein.

65. As to Paragraphs 100 and 101 of Plaintiffs' Complaint, Defendants deny the allegations contained in those paragraphs.

## COUNT THREE – 42 U.S.C. § 1983
### Monell Claims for Violation of Fourth and Fourteenth Amendment Rights
### (City of Phoenix)

66. Defendants incorporate by reference all assertions and allegations made in the paragraphs above as though they were fully set forth herein.

67. As to Paragraphs 103, 104, 105, 106, 107, 108, 109, 110, 111, and 112 of Plaintiffs' Complaint, Defendants deny the allegations contained in those paragraphs.

## COUNT FOUR – WRONGFUL DEATH
### (City of Phoenix)

68. As to Paragraphs 113 of Plaintiffs' Complaint, Defendants admit that the Officer Defendants were acting in the course and scope of their employment for the City of Phoenix Police Department at all times relevant to Plaintiffs' Complaint.

69. As to Paragraphs 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, and 129 of Plaintiffs' Complaint, Defendants deny the allegations contained in those paragraphs.

9707957.1

# **AFFIRMATIVE DEFENSES**

As and for an affirmative defense, and in the alternative, Defendant asserts the following:

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' Complaint fails the requirements of Rule 8 of the Federal Rules of Civil Procedure and merely contains labels, conclusions, and threadbare recitals of the elements of causes of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3. Lopez was negligent, in whole or in part, thereby reducing or eliminating any damages owed by Defendants by way of the doctrine of comparative fault.

4. Lopez was contributorily negligent, and/or he assumed the risk of his alleged injuries, and/or any injuries Lopez received were the result of an intervening/superseding cause or through the negligence of someone other than Defendants, which bars recovery to Plaintiffs from Defendants.

5. The Officer Defendants used only reasonable and necessary force under the totality of the circumstances.

6. The Defendants did not act with a purpose to harm or with deliberate indifference to the rights of anyone, including Plaintiffs or Lopez, for reasons unrelated to legitimate law enforcement objectives.

7. The forced used by the Officer Defendants was justified and privileged under *Graham v. Connor*, 490 U.S. 386 (1989) and *Scott v. Harris*, 550 U.S. 372 (2007).

8. Defendants are entitled to all privileges and immunities, including qualified immunity, extended to governmental entities and employees under federal and state law as set forth in *Hunter v. Bryant*, 112 S.Ct. 534 (1991), *Saucier v. Katz*, 121 S.Ct. 2151 (2001), and *Spooner v. City of Phx.*, 246 Ariz. 119 (App. 2018).

9707957.1

9. Qualified immunity "bars civil liability damages insofar as the official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Butler v. Elle*, 281 F.3d 1014, 1021 (9th Cir. 2002); *Spooner v. City of Phx.*, 246 Ariz. 119 (App. 2018). Allegations of mere negligence or lack of due care by state officials do not rise to a claim under § 1983. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989); *Daniels v. Williams*, 474 U.S. 237 (1986); *Buckeye v. Los Angeles Cty.*, 968 F.2d 791 (9th Cir. 1992).

10. Defendants assert all the privileges and immunities set forth in A.R.S. §§ 12-820, *et seq.*

11. Defendants allege that the Officer Defendants' actions were justified and in self-defense pursuant to A.R.S. §§ 13–404, 13–405, 13–406, 13–409, 13–410, 13–411, 13–417, 13–421 and, therefore, pursuant to A.R.S. § 13–420, the Court shall award reasonable attorney's fees, costs, compensation for lost income and all expenses incurred by a defendant, as applicable, in the defense of this civil action based on justified conduct when Defendants prevail in this civil action.

12. Defendants allege that they are not subject to civil liability for engaging in justified conduct pursuant to A.R.S. § 13–413.

13. As a further affirmative defense, to the extent Plaintiff seeks punitive damages, Plaintiff is barred from seeking punitive damages against persons in their official capacity. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. District*, 940 F.2d 397 (9th Cir. 1991).

14. Defendants allege that they are not liable for punitive or exemplary damages for any claims pursuant to federal law and A.R.S. § 12-820.04.

15. Defendants allege that Plaintiffs cannot establish that Defendants proximately caused the deprivation of a right, privilege, or immunity protected by the United States Constitution or federal law.

16. Defendants allege that vicarious liability is inapplicable to actions under 42 U.S.C. § 1983.

9707957.1

17. Defendants assert that they are entitled to the affirmative defenses afforded by A.R.S. §§ 12-711 and 12-712.

18. Defendants assert that under A.R.S. § 12–716, they are presumed to have acted reasonably and the City is presumed to have reasonably hired and trained its peace officers to use physical force because the Officer Defendants used such reasonable force to protect themselves and others from Plaintiff's violent and unlawful actions.

19. Defendants are entitled to their reasonable attorney's fees, expenses, and, at the Court's discretion, double damages of not to exceed five thousand dollars, pursuant to A.R.S. § 12-349.

20. Defendants are entitled to their taxable costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 for defending against Plaintiff's scurrilous and frivolous Complaint.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants request that Plaintiffs' Complaint be dismissed with prejudice, that Plaintiffs take nothing thereby, that Defendants be awarded its costs and attorneys' fees incurred herein, and for such other and further relief as this Court deems just in the premises.

DATED this 15th day of October, 2021.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ Ian C. Beck
John T. Masterson
Ian C. Beck
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants City of Phoenix, Bobbi Cozad, Oscar Jimenez, Brett Lingenfelter, Alonso Lopez, Roszell Mosley, Todd Stevens, and Andrew Williams

9707957.1

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2021, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Joel B. Robbins, Esq.
Jesse M. Showalter, Esq.
ROBBINS & CURTIN, P.L.L.C.
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
*Attorneys for Plaintiff*

Michael F. Bonamarte, IV, Esq.
Julie Ann Murphy, Esq.
Daisy Ayllon, Esq.
LEVIN & PERCONTI
325 N. La Salle Drive, #300
Chicago, Illinois 60654
mfb@levinperconti.com
jam@levinperconti.com
day@levinperconti.com
*Attorneys for Plaintiff*
*Pro Hac Vice Admission Forthcoming*

 /s/ Lisa Drapeau

14
9707957.1

## VERIFICATION OF ROSZELL MOSLEY

Roszell Mosley, being first duly sworn upon his oath, deposes and says:

He is one of the Defendants the above-entitled action; he has read the foregoing Defendants' Answer to Plaintiffs' Complaint, and knows the contents thereof; the matters and things contained therein are true of his own knowledge, except such matters as are stated upon information and belief, and as to such matters, he believes them to be true.

Roszell Mosley #10359

STATE OF ARIZONA   )
                   ) ss.
County of Maricopa )

On this, the 13th day of October, 2021, before me, the undersigned Notary Public, appeared, Roszell Mosley, to me known (or satisfactorily proven) to be the person who executed the foregoing instrument and acknowledged that he executed the same as and for his free act and deed for the purposes therein contained.

Notary Public

My commission expires:



STEVEN WONG
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
COMMISSION # 603732
MY COMMISSION EXPIRES
APRIL 09, 2025

9814249.1

## VERIFICATION OF TODD STEVENS

Todd Stevens, being first duly sworn upon his oath, deposes and says:

He is one of the Defendants the above-entitled action; he has read the foregoing Defendants' Answer to Plaintiffs' Complaint, and knows the contents thereof; the matters and things contained therein are true of his own knowledge, except such matters as are stated upon information and belief, and as to such matters, he believes them to be true.

_____
Todd Stevens

STATE OF ARIZONA    )
                    ) ss.
County of Maricopa  )

On this, the 13th day of October, 2021, before me, the undersigned Notary Public, appeared, Todd Stevens, to me known (or satisfactorily proven) to be the person who executed the foregoing instrument and acknowledged that he executed the same as and for his free act and deed for the purposes therein contained.

_____
Notary Public

My commission expires:

_____


STEVEN WONG
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
COMMISSION # 603732
MY COMMISSION EXPIRES
APRIL 09, 2025

9814235.1

## VERIFICATION OF OSCAR JIMENEZ

Oscar Jimenez, being first duly sworn upon his oath, deposes and says:

He is one of the Defendants the above-entitled action; he has read the foregoing Defendants' Answer to Plaintiffs' Complaint, and knows the contents thereof; the matters and things contained therein are true of his own knowledge, except such matters as are stated upon information and belief, and as to such matters, he believes them to be true.

_____
Oscar Jimenez

STATE OF ARIZONA   )
                   ) ss.
County of Maricopa )

On this, the 13th day of October, 2021, before me, the undersigned Notary Public, appeared, Oscar Jimenez, to me known (or satisfactorily proven) to be the person who executed the foregoing instrument and acknowledged that he executed the same as and for his free act and deed for the purposes therein contained.

_____
Notary Public

My commission expires:

_____



STEVEN WONG
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
COMMISSION # 603732
MY COMMISSION EXPIRES
APRIL 09, 2025

9814038.1

# VERIFICATION OF ANDREW WILLIAMS

Andrew Williams, being first duly sworn upon his oath, deposes and says:

He is one of the Defendants the above-entitled action; he has read the foregoing Defendants' Answer to Plaintiffs' Complaint, and knows the contents thereof; the matters and things contained therein are true of his own knowledge, except such matters as are stated upon information and belief, and as to such matters, he believes them to be true.

_____
Andrew Williams

STATE OF ARIZONA    )
                    )  ss.
County of Maricopa  )

On this, the 13th day of October, 2021, before me, the undersigned Notary Public, appeared, Andrew Williams, to me known (or satisfactorily proven) to be the person who executed the foregoing instrument and acknowledged that he executed the same as and for his free act and deed for the purposes therein contained.

_____
Notary Public

My commission expires:

_____



STEVEN WONG
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
COMMISSION # 603732
MY COMMISSION EXPIRES
APRIL 09, 2025

9814245.1

## **VERIFICATION OF BOBBI COZAD**

Bobbi Cozad, being first duly sworn upon her oath, deposes and says:

She is one of the Defendants the above-entitled action; she has read the foregoing Defendants' Answer to Plaintiffs' Complaint, and knows the contents thereof; the matters and things contained therein are true of her own knowledge, except such matters as are stated upon information and belief, and as to such matters, she believes them to be true.

_____ #1836
Bobbi Cozad

STATE OF ARIZONA   )
                   ) ss.
County of Maricopa )

On this, the 14th day of October, 2021, before me, the undersigned Notary Public, appeared, Bobbi Cozad, to me known (or satisfactorily proven) to be the person who executed the foregoing instrument and acknowledged that she executed the same as and for her free act and deed for the purposes therein contained.

_____
Notary Public

My commission expires:
August 14th, 2025



NICOLE WALTON
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
COMMISSION # 611169
MY COMMISSION EXPIRES
AUGUST 14, 2025

9813929.1

# VERIFICATION OF ALONSO LOPEZ

Alonso Lopez, being first duly sworn upon his oath, deposes and says:

He is one of the Defendants the above-entitled action; he has read the foregoing Defendants' Answer to Plaintiffs' Complaint, and knows the contents thereof; the matters and things contained therein are true of his own knowledge, except such matters as are stated upon information and belief, and as to such matters, he believes them to be true.

_____ #8231
Alonso Lopez

STATE OF ARIZONA    )
                                 ) ss.
County of Maricopa    )

On this, the 14th day of October, 2021, before me, the undersigned Notary Public, appeared, Alonso Lopez, to me known (or satisfactorily proven) to be the person who executed the foregoing instrument and acknowledged that he executed the same as and for his free act and deed for the purposes therein contained.

_____
Notary Public

My commission expires:
August 14th, 2025

NICOLE WALTON
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
COMMISSION # 611169
MY COMMISSION EXPIRES
AUGUST 14, 2025

9814202.1